[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13952
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00507-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 12, 2009)

Before BIRCH, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Keith Anderson, a federal prisoner convicted of a crack cocaine offense, appeals from the district court's denial of his counseled 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 706 to U.S.S.G. § 2D1.1,

which lowered the base offense levels applicable to crack cocaine offenses.  On appeal, Anderson argues that United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009), and cert. denied, __ S. Ct. __ (U.S. Mar. 9, 2009) (No. 08-8554), was wrongly decided. After careful review, we affirm.

A district court's decision to grant or deny a sentence reduction pursuant to a motion filed under 18 U.S.C. § 3582 is reviewed for abuse of discretion.  United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008).  However, where, as here, the issue presented involves a legal interpretation, our review is de novo.  United States v. Pringle, 350 F.3d 1172, 1178 (11th Cir. 2003).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id.  A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, not authorized under § 3582(c)(2) -- if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).

A defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1, such as the career-offender guideline section of U.S.S.G. § 4B1.1, is precluded from receiving a sentence reduction because the amendment does not have the effect of lowering the applicable guideline range. See Moore, 541 F.3d at 1327-28; see also U.S.S.G. § 1B1.10, comment. (n.1(A)) (stating that a reduction under § 3582(c)(2) is not authorized where the "amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision"). Where the base offense levels under § 2D1.1 "play[] no role" in the calculation of the guideline range, the defendant is not entitled to § 3582 relief under Amendment 706. Moore, 541 F.3d at 1327.

Here, just as in Moore, Anderson was not sentenced under the base offense level in § 2D1.1, and, therefore, he was ineligible for § 3582 relief under Amendment 706. Anderson's arguments that we decided Moore incorrectly and should modify it are meritless, and we are bound to follow our prior binding precedent unless and until it is overruled by this Court sitting en banc or by the Supreme Court. United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008). Additionally, district courts are not required to hold de novo sentencing

3

hearings for all career offenders based on Amendment 706 because a sentencing hearing is warranted only if the amendment lowered a defendant's guideline range. See 18 U.S.C. § 3582(c)(2). And even if the district court held a resentencing hearing, it would not be a de novo hearing because all original sentencing determinations remain the same, except for the amended guideline section. United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (holding that proceedings under § 3582 do not constitute a de novo resentencing, and "all original sentencing determinations remain unchanged"). Finally, United States v. Booker, 543 U.S. 220 (2005), does not provide a jurisdictional basis for § 3582 relief, and Anderson's argument that the Guidelines now are advisory under Booker is foreclosed by our precedent. See United States v Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (holding that Booker does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664); United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (holding that Booker did not provide a jurisdictional basis to reduce a defendant's sentence). Accordingly, the district court did not err in denying § 3582 relief, and we affirm.

**AFFIRMED.**